## W. O. Pate v James J Quinn.

### Gen. No. 4,400.

1. VERDICT—*when, not disturbed.* The Appellate Court will not disturb a verdict upon a mere question of fact where such verdict is supported by the greater number of witnesses, none of whom have been impeached and against whom no discrediting circumstances are shown.

Action commenced before justice of the peace. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

C. C. & L. F. STRAWN, for appellant.

Z. F. YOST, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This suit was originally begun before a justice of the peace to recover $50 claimed by appellant as commission on the sale of appellee's real estate. The case was appealed to the Circuit Court where a trial was had resulting in a verdict for appellee, the defendant below, from which this appeal is prosecuted.

The evidence is undisputed upon all issues involved except one. There is no dispute in regard to the employment of appellant by appellee to sell the real estate, and the appellant was to have the exclusive sale of it, and his commission was fixed by the contract at $50. After executing this contract with appellant, another real estate agent by the name of Myers called on appellee and wanted the agency to sell the property, claiming he had a purchaser for it. Appellee refused to give Myers the agency for the sale of the property at the time, because he had already given Pate the exclusive privilege of selling it for him. Thereupon appellant was called up over the telephone by appellee and a conversation was had between them with reference to appellant releasing his contract with appellee, and here is the only question in the case about which there is any controversy Appellee testifies that he "bought appellant's contract," as he put it, over the phone, for $18. Appellant admits he had a conversation over the phone about selling appellee his contract but denies that any agreement was reached. Appellee is corroborated by Myers who testifies he stood by the telephone and heard both sides of the conversation, and that appellant offered to release the contract for $18 and that appellee agreed to give it.

At the time of this talk over the phone appellant had

done nothing towards effecting a sale of the property, but afterward he did sell it to Mrs. Annie Isaacson for the amount agreed on, and presented the contract of purchase to appellee, who refused it on the ground that appellant was not his agent. Appellee tendered appellant the $18, which he refused and brought suit for the $50.

Appellee made a tender of $18 and all costs up to date when the suit was commenced before the justice of the peace and his tender has been kept good.

Appellant concedes that the only question in the case is one of fact, relating to the agreement made over the telephone, and devotes his entire brief to a discussion of the point that appellee and Myers, who were at one end of the telephone, are not sufficient to make a preponderance of the evidence over appellant who was at the other end of the line. We cannot reverse a case because the verdict is not supported by the evidence when the verdict is supported by the greater number of witnesses and when there is no impeachment of the witnesses or discrediting circumstances shown.

While the preponderance of evidence is not determined by the number of witnesses alone, yet where the witnesses are of equal credibility, the number must be regarded as one of the means by which the preponderance is determined. Chicago, R. I. & P. R. R. Co. v. Givens, 18 App. 404; R., R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 398.

The judgment is affirmed.

*Affirmed.*